SAMUEL SPITZER, Individually and as President of Local Joint Executive Board of New York City of Hotel and Restaurant Employees International Alliance and Bartenders International League of America, Plaintiff, *v.* HUGO ERNST, Individually and as President of Hotel and Restaurant Employees International Alliance and Bartenders International League of America, et al., Defendants.

Supreme Court, Special Term, New York County, July 11, 1947.

*Boudin, Cohn and Glickstein* (*Sidney E. Cohn* and *Daniel W. Meyer* of counsel), for plaintiff.

*Harold L. Luxemburg* for defendants.

HECHT, J. Plaintiff, suing individually and as President of the New York City Local Joint Executive Board of defendant union (hereinafter referred to as " local board "), seeks an injunction *pendente lite* restraining defendants from taking over the property and control of the local board. The threatened seizure of the local board has been authorized by a resolution of the union's general executive board, directing the general president of the union to take charge and control of the local board. That resolution was adopted without any hearing or trial or other opportunity to the local board to present any defense or objections, and without the filing of any charges against the local board.

Section 81a of the international constitution contains language empowering the general president to take over the functions of a local board " when he deems it for the best interests of the Locals affiliated with said Board to do so ", and authorizes an appeal from the decision of the general president to the general executive board.

It is unnecessary to decide whether this provision of the constitution, insofar as it authorizes seizures of a local board by the president of the union without charges, hearing or trial, is invalid as contrary to public policy, for the resolution pursuant to which the seizure of the local board is threatened was adopted by the general executive board, which does not possess original jurisdiction to take such action, but only appellate jurisdiction to review a seizure or taking over by decision of the president when the latter deems such course in the best interests of the affiliated locals. It is true that the general executive board adopted the resolution by unanimous vote of its

members, one of whom is the general president. The constitution expressly provides, however, for an " appeal " to the general executive board in the event that the president decides to take over a local board. This provision for an " appeal " clearly contemplates a hearing or trial before the general executive board. By its adoption of the seizure resolution, without any charges, hearing or trial, the general executive board rendered futile any " appeal " to it, for it would be required to review the propriety of its own action. The safeguard and protection against arbitrary seizure of a local board expressly provided for in the constitution has in this manner been nullified by the procedure followed by the general executive board.

Plaintiff has thus been left with only the manifestly inadequate remedy of an appeal to the international convention which is not scheduled to take place until April, 1949. In the circumstances plaintiff is free to resort to the courts for the purpose of procuring a judicial determination as to the validity of the resolution of the general executive board.

In view of the drastic nature of the resolution adopted by the general executive board and of the action threatened thereunder, and the doubtful validity of the resolution, the court is of the opinion that a proper exercise of discretion requires granting the motion as to paragraphs b, c, d and e of the order to show cause, in order that the *status quo* may be maintained, on condition, however, that the plaintiff consent to the setting down of the cause for trial on the first day of the September, 1947, Term.

The contention that plaintiff was not legally elected president of the New York City local board is one which need not be decided at this time, for it is clear that he is the *de facto* president and that he has been generally treated and recognized as the president. If the 1947 election was not validly held, the plaintiff as the president chosen at the 1946 election would seem to be the only one authorized to represent the local board as president.

The court has purposely refrained from discussing the charges of Communism levelled at some of the present officers of the local board and the various other circumstances claimed to justify the threatened seizure of that board. The question presented by this action is whether the contemplated taking over of the local board is legal and valid, not whether it is desirable.

The motion is granted to the extent and on the condition above indicated. Suggestions as to the amount of the undertaking will be received on the settlement of the order which is to be made on five days' notice.